opinion

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DONNELL THOMAS,

    Petitioner,

vs.

HENNESY, et al.,

    Respondents.

No. CIV 05-320-TUC-CKJ

**ORDER**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. Respondents have filed an Answer and Petitioner has filed a Reply.

*Factual and Procedural Background*

In June 2002, Detective Sekavec ("Sekavec") of the Marana Police Department was investigating two robberies. Sekavec went to the residence of Donnell Thomas ("Thomas") because a car suspected of being involved in one of the robberies was parked outside. Thomas' mother informed Sekavec that Thomas had been using the car. Thomas informed Sekavec that the car had been stolen the day before but had then been returned to the same spot.

The next day, Sekavec learned that a person matching Thomas' description had been linked to a robbery of a Wells Fargo Bank. The perpetrator of that robbery had been videotaped. Sekavec returned to Thomas' residence with Detective Preuss ("Preuss") of the Pima County Sheriff's Department. Thomas' mother met then at the door, informing the detectives that

1  Thomas was in the bathroom. Sekavec testified Thomas' mother told the officers "[c]ome on in."
2  Preuss testified that he remembered Thomas' mother motioning the detectives in. Preuss
3  recognized Thomas from the videotape. Thomas was arrested, advised of his rights pursuant to
4  *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and confessed to
5  handling the Wells Fargo Bank teller a note and telling her"[d]on't scream, and give me some
6  of your money." A search warrant for Thomas' residence and car was obtained later that day.

7  Prior to trial, Thomas' Motion to Remand was denied. Additionally, the state's Motion
8  to Amend Indictment was granted.

9  After a jury trial, Thomas was convicted of robbery. On or about May 5, 2003, Thomas
10 received an enhanced sentence of 4.5 years. The Court of Appeals of Arizona affirmed Thomas'
11 conviction and sentence. On March 16, 2005, the Supreme Court of Arizona denied Thomas'
12 Petition for Review. On April 18, 2005, Thomas initiated state post-conviction relief
13 proceedings. That proceeding remains pending. On or about April 25, 2005, Thomas filed the
14 instant Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C.
15 § 2254.

16 In his Petition, Thomas sets forth four claims for relief. In his first claim, Thomas asserts
17 that the Fourth and Fourteenth Amendments were violated by his unlawful arrest and the lying
18 of Detective Preuss to obtain a search warrant. Thomas' second claim is that Detective Preuss
19 lied to the grand jury; Thomas also appears to argue that the State used improper procedure to
20 amend the indictment. In his third claim, Thomas asserts that the Court of Appeals of Arizona
21 failed in its duty to find fundamental error. Thomas' fourth claim is that his sentence was
22 unlawfully enhanced by a prior conviction of a repealed statute.

23

24 *Motion to Correct Section F, Page 3*

25 Thomas has requested to correct his Petition to reflect the Arizona Supreme Court
26 rather than the Arizona Federal Court in Section F, page 3. The Court will accept this
27 correction.

28

*Statute of Limitations*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must generally file a petition for writ of habeas corpus within one year from the date upon which his judgment became final or the expiration of time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Respondents agree that Thomas' petition was timely filed.

*Exhaustion of State Remedies*

Before a federal court may review a petitioner's claims on the merits, a petitioner must exhaust his state remedies, i.e., have presented in state court every claim raised in the federal habeas petition. *See Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (a state prisoner in a federal habeas action must exhaust his claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). Exhaustion of state remedies is required in order to give the "State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004), *internal quotation marks and citations omitted*.

In Arizona, exhaustion is satisfied if a claim is presented to the Arizona Court of Appeals. Respondents assert that, pursuant to *Baldwin*, Thomas has not exhausted his claims because he did not seek review of these claims to the Supreme Court of Arizona. However, the March 16, 2005, order of the Supreme Court indicates that Thomas did seek review, but the Supreme Court declined review. Neither party, however, has included a copy of the Petition for Review for the Court to determine whether these issues were presented to the Supreme Court. However, a discretionary petition for review to the Supreme Court of

Arizona is not necessary for purposes of federal exhaustion.[1] *Swoopes*, 196 F.3d at 1010; *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989) (in non-capital cases, state remedies are exhausted by review by the court of appeals).

A claim is "fairly presented" if the petitioner has described the operative facts and legal theories on which his claim is based. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In state court, the petitioner must describe not only the operative facts but also the asserted constitutional principle. The United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). A petitioner does not ordinarily "fairly present" a federal claim to a state court if that court must read beyond a petition, brief, or similar papers to find material that will alert it to the presence of a federal claim. *See e.g., Baldwin*, 541 U.S. at 33 (rejecting contention that petition fairly presented federal ineffective assistance of counsel claim because "ineffective" is a term of art in Oregon that refers only to federal law claims since petitioner failed to demonstrate that state law uses "ineffective assistance" as referring only to federal law rather than a similar state law claim); *Harless*, 459 U.S. at 6 (holding that mere presentation of facts necessary to support a federal claim, or presentation of state claim similar to federal claim, is insufficient; petitioner must "fairly present" the "substance" of the federal claim); *Hivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state

---

[1] In light of the Ninth Circuit's specific consideration in *Swoopes* of *Sandon*, Arizona's procedurals laws, and the Supreme Court's response to certified questions from the Ninth Circuit in *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998), this Court finds a discretionary petition for review to the Supreme Court is not necessary for purposes of federal exhaustion.

1  grounds), *cert. denied*, 529 U.S. 1009 (2000); *Gatlin v. Madding*, 189 F.3d 882 (9th Cir.
2  1999) (holding that petitioner failed to "fairly present" federal claim to state courts where he
3  failed to identify the federal legal basis for his claim), *cert. denied*, 52 U.S. 1087.

4  The issues of whether Thomas' arrest had violated the Fourth Amendment, whether
5  the search warrant was valid, and whether the statutes under which Thomas was sentenced
6  were presented to the trial court and to the Court of Appeals of Arizona. The Court finds that
7  these issues have been exhausted.

8  Thomas also asserts that the Fifth Amendment was violated by the grand jury
9  proceeding: Thomas asserts that Detective Preuss lied to the grand jury and that the State used
10 improper procedure to amend the indictment. Thomas' Exhibit B shows that these issues were
11 presented to the trial court. However, although Thomas indicates that he presented these issues
12 to an appellate court in a direct appeal and special action, Petition, p. 6, he subsequently
13 indicates that he "mentioned all relevant facts, believing appeals court duty to find fundamental
14 error[.]" Petitioner, p. 6a, ¶ 3.C. As previously stated, a federal claim is not "fairly presented"
15 if a court must read beyond a petition, brief, or similar papers to find material that will alert
16 it to the presence of a federal claim. *Baldwin*, 541 U.S. at 33. Merely presenting the relevant
17 facts does not adequately present an issue before a court. Indeed, "[w]here the parties did
18 not mention an issue in their briefs and where the court did not mention it was considering
19 that issue *sua sponte*, there is no evidence that the appellate court actually considered the
20 issue, regardless of any duty to review for fundamental error." *Moormann v. Schriro*, 426
21 F.3d 1044 (9th Cir. 2005).[2] Thomas has not shown that he fairly presented these claims as
22 federal issues to the state courts. The Court finds Thomas has failed to fairly present these
23 issues to the state appellate court and, therefore, these claims are not exhausted.

---

[2] Former A.R.S. § 13-4035 required Arizona appellate courts to independently review the record for fundamental error. Effective July 13, 1995, statutory fundamental error review was repealed and no longer required. *See State v. Smith*, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996). Because Thomas' appeal was decided after the repeal, his case was not subject to statutory fundamental error.

1   Thomas asserts that the Court of Appeals of Arizona failed in its duty to find
2   fundamental error. Thomas has made no showing that he presented this claim to any state
3   appellate court.[3] The Court finds that this issue is not exhausted.

*Stay – Mixed Petition*

A "stay and abeyance" procedure as a method of preserving a petitioner's habeas rights is appropriate where there is good cause for failure to exhaust all claims before raising them in the habeas petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). If there is good cause, it may be an abuse of discretion to deny a stay and abeyance where there is no indication of intentional dilatory tactics. *Id*. at 278. However, a stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. *Id*. at 277. Thomas states that the Petition for Post-Conviction Relief filed in state court was to seek counsel's review of issues. As Arizona appoints counsel in post-conviction proceedings, the Court finds Thomas has stated good cause for conducting the post-conviction proceedings. However, Thomas has not stated a reason why he did not complete the post-conviction proceedings before initiating this action. Nonetheless, the Court finds good cause. Moreover, the Court finds there is no indication of intentional dilatory tactics and the claims are not plainly meritless. The Court will stay this matter pending resolution of the state court post-conviction proceedings.

Accordingly, IT IS ORDERED:

1. Thomas' Motion to Correct Section F, page 3 [Doc. # 14], is GRANTED;

2. This action is STAYED pending resolution of the state post-conviction proceedings.

3. Thomas shall file any supplemental pleading within forty (40) days of

---

[3] The Court notes that a copy of the Petition for Post-Conviction Relief has not been provided to the Court. The Court will not assume that this issue was presented in the Petition for Post-Conviction Relief.

- 6 -

1  resolution of the state court post-conviction proceedings.

2      4.    Respondents shall file any supplemental response within forty (40) days of
3  Thomas supplemental pleading. Should Thomas not file any timely supplemental pleading,
4  Respondents shall notify the Court that the state post-conviction proceedings have been
5  resolved.

6      DATED this 28th day of September, 2006.

                        */s/ Cindy K. Jorgenson*
                        Cindy K. Jorgenson
                        United States District Judge