**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DONNELL THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. CIV 05-320-TUC-CKJ |
| vs. ) | |
| ) | **ORDER** |
| DORA B. SCHRIRO, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. Respondents have filed an Answer and Petitioner has filed a Reply. The parties have also filed supplemental pleadings following the resolution of the state court proceedings. Also pending before the Court is Petitioner's Motion to Order Compliance [Doc. # 38].

*Factual and Procedural Background*

In June 2002, Detective Sekavec ("Sekavec") of the Marana Police Department was investigating two robberies. Sekavec went to the residence of Donnell Thomas ("Thomas") because a car suspected of being involved in one of the robberies was parked outside. Thomas' mother informed Sekavec that Thomas had been using the car. Thomas informed Sekavec that the car had been stolen the day before but had then been returned to the same spot.

The next day, Sekavec learned that a person matching Thomas' description had been linked to a robbery of a Wells Fargo Bank. The perpetrator of that robbery had been videotaped.

1  Sekavec returned to Thomas' residence with Detective Preuss ("Preuss") of the Pima County
2  Sheriff's Department. Thomas' mother met them at the door, informing the detectives that
3  Thomas was in the bathroom. Sekavec testified Thomas' mother told the officers "[c]ome on in."
4  Preuss testified that he remembered Thomas' mother motioning the detectives in. Preuss
5  recognized Thomas from the videotape. Thomas was arrested, advised of his rights pursuant to
6  *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and confessed to
7  handling the Wells Fargo Bank teller a note and telling her"[d]on't scream, and give me some
8  of your money." A search warrant for Thomas' residence and car was obtained later that day.
9     Prior to trial, Thomas' Motion to Remand was denied. Additionally, the state's Motion
10 to Amend Indictment was granted.
11    After a jury trial, Thomas was convicted of robbery. On or about May 6, 2003, Thomas
12 received a sentence of 4.5 years. The Court of Appeals of Arizona affirmed Thomas' conviction
13 and sentence. On March 16, 2005, the Supreme Court of Arizona denied Thomas' Petition for
14 Review. On April 18, 2005, Thomas initiated state post-conviction relief proceedings. On or
15 about April 25, 2005, Thomas filed the instant Petition for Writ of Habeas Corpus by a Person
16 in State Custody Pursuant to 28 U.S.C. § 2254. The Court stayed this matter and directed
17 Thomas to file a supplemental pleading within forty (40) days of resolution of state court post-
18 conviction proceedings. On February 27, 2007, Thomas filed a Supplemental to Writ of Habeas
19 Corpus pursuant to the Order issued September 28, 2006. Respondents did not file a
20 supplemental response.
21    On August 14, 2007, this Court issued an Order directing Respondents to submit a
22 supplemental response that included, at a minimum, a copy of Thomas' Petition for Post-
23 Conviction Relief and the trial court's ruling on that Petition. On October 26, 2007,
24 Respondents submitted a Supplemental Response. On August 27, 2008, the Court directed
25 Respondents to further supplement the record. Respondents filed a Supplemental Answer.
26 Thomas has filed a supplemental reply.
27    On November 17, 2008, Thomas filed a Motion to Order Compliance.
28    In his Petition, Thomas sets forth four claims for relief. In his first claim, Thomas asserts

that the Fourth and Fourteenth Amendments were violated by his unlawful arrest and the lying of Detective Preuss to obtain a search warrant.  Thomas' second claim is that Detective Preuss lied to the grand jury; Thomas also appears to argue that the State used improper procedures to amend the indictment. In his third claim, Thomas asserts that the Court of Appeals of Arizona failed in its duty to find fundamental error.  Thomas' fourth claim is that his sentence was unlawfully enhanced by a prior conviction of a repealed statute.  In his Supplemental Reply to Writ of Habeas Corpus, Thomas appears to add the following additional claims:  testimony of unrelated crimes before the grand jury, intentional lying to the magistrate, ineffective assistance of counsel, sentence in violation of *ex post facto* proscription.

*Motion to Order Compliance*

Thomas asserts that prison officials have returned legal mail to him and requests this Court to order the Arizona Department of Corrections to mail all indigent legal mail as addressed. Thomas also questions whether the Court and Respondents have received copies of his October 13, 2008, Reply to State Supplemental Response.  Thomas is, in effect, requesting injunctive relief that has not been requested in the Petitions.  An injunction is designed "to accord or protect some or all of the substantive relief sought by a complaint[.]". *Gon v. First State Ins. Co.*, 871 F.2d 863, 865 (9th Cir. 1989).   "The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982).  The case at bar does not involve a claim of a violation of a prisoner's protected right to access to the court (which may include a claim of deliberate interference with transmission of prisoner's legal papers). *Lewis v. Casey*, 518 U.S. 343, 351-55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).  There can be no showing of inadequacy of legal remedies where the requested action does not address the claims presented in the Petitions. The Court finds the requested injunctive relief is inappropriate.

The Court does notify Thomas that the Court's electronic filing system indicates that his Reply was docketed on October 22, 2008, and that an electronic copy of this document

was sent to counsel for Respondents.

*Standard of Review*

Federal courts may consider a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *See Reed v. Farley*, 512 U.S. 339, 347, 114 S.Ct. 2291, 2296, 129 L.Ed.2d 271 (1994). Indeed, a habeas corpus petition by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated a petitioner's Fourteenth Amendment right to due process. *See generally, Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479, 116 L.Ed.2d 385 (1991).

This Court must review claims consistent with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The Act limits the ability of federal courts to reexamine questions of law and mixed questions of law and fact." *Jeffries v. Wood*, 114 F.3d 1484, 1498 (9th Cir. 1997). This Court may only overturn a state court finding if a petitioner shows by clear and convincing evidence that the finding was erroneous. *See* 28 U.S.C. § 2254(e)(1). An "unreasonable application of clearly established law" exists if the state court identified the correct governing legal principle from Supreme Court decisions but unreasonably applied that principle to the facts of the case. *See Taylor*.

*Statute of Limitations*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must generally file a petition for writ of habeas corpus within one year from the date

- 4 -

upon which his judgment became final or the expiration of time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Respondents agree that Thomas' petition was timely filed.

*Exhaustion of State Remedies*

Before a federal court may review a petitioner's claims on the merits, a petitioner must exhaust his state remedies, i.e., have presented in state court every claim raised in the federal habeas petition. *See Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (a state prisoner in a federal habeas action must exhaust his claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). Exhaustion of state remedies is required in order to give the "State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004), *internal quotation marks and citations omitted*.

In Arizona, exhaustion is satisfied if a claim is presented to the Arizona Court of Appeals. A discretionary petition for review to the Supreme Court of Arizona is not necessary for purposes of federal exhaustion.[1] *Swoopes*, 196 F.3d at 1010; *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989) (in non-capital cases, state remedies are exhausted by review by the court of appeals). A claim is "fairly presented" if the petitioner has described

---

[1] Respondents assert that, pursuant to *Baldwin*, Thomas has not exhausted his claims because he did not seek review to the Supreme Court of Arizona. However, in light of the Ninth Circuit's specific consideration in *Swoopes* of *Sandon*, Arizona's procedurals laws, and the Supreme Court's response to certified questions from the Ninth Circuit in *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998), this Court finds a discretionary petition for review to the Supreme Court is not necessary for purposes of federal exhaustion. *See also Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005).

- 5 -

the operative facts and legal theories on which his claim is based. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In state court, the petitioner must describe not only the operative facts but also the asserted constitutional principle. The United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). A petitioner does not ordinarily "fairly present" a federal claim to a state court if that court must read beyond a petition, brief, or similar papers to find material that will alert it to the presence of a federal claim. *See e.g., Baldwin*, 541 U.S. at 33 (rejecting contention that petition fairly presented federal ineffective assistance of counsel claim because "ineffective" is a term of art in Oregon that refers only to federal law claims since petitioner failed to demonstrate that state law uses "ineffective assistance" as referring only to federal law rather than a similar state law claim); *Harless*, 459 U.S. at 6 (holding that mere presentation of facts necessary to support a federal claim, or presentation of state claim similar to federal claim, is insufficient; petitioner must "fairly present" the "substance" of the federal claim); *Hivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds), *cert. denied*, 529 U.S. 1009 (2000); *Gatlin v. Madding*, 189 F.3d 882 (9th Cir. 1999) (holding that petitioner failed to "fairly present" federal claim to state courts where he failed to identify the federal legal basis for his claim), *cert. denied*, 52 U.S. 1087.

*Procedural Default*

The Ninth Circuit Court of Appeals has explained the distinction between exhaustion and procedural default as follows:

- 6 -

> The exhaustion requirement is distinct from the procedural default rule. The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him. A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim.

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005), *internal quotation marks and citations omitted*. In other words, a habeas petitioner's claims may be precluded from federal review in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n. 1. This is often referred to as "technical" exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy. *See id*. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him."). If a claim is procedurally defaulted, it may not be considered by a federal court unless the petitioner demonstrates cause and prejudice to excuse the default in state court, or that a fundamental miscarriage of justice would result. *Id*. at 753; *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). If a claim has never been fairly presented to the state court, a federal habeas court may determine whether state remedies remain unavailable. *See Harris v. Reed*, 489 U.S. 255, 269-70, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Teague v. Lane*, 489 U.S. 288, 298-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

*Exhaustion and Procedural Default Analysis of Thomas' Claims*

The issues of whether Thomas' arrest had violated the Fourth Amendment, whether the search warrant was valid, and whether the statutes under which Thomas was sentenced were presented to the trial court and to the Court of Appeals of Arizona. The Court finds that these issues have been exhausted.

Thomas also asserts that the Fifth Amendment was violated by the grand jury proceeding: Thomas asserts that Detective Preuss lied to the grand jury and that the State used improper procedure to amend the indictment.[2] Thomas' Exhibit B shows that these issues were presented to the trial court. However, although Thomas indicates that he presented these issues to an appellate court in a direct appeal and special action, Petition, p. 6, he subsequently indicates that he "mentioned all relevant facts, believing appeals court duty to find fundamental error[.]" Petition, p. 6a, ¶ 3.C. As to Thomas' claim that the State used improper procedure to amend the indictment, the Court of Appeals agreed with the post-conviction court that this claim was precluded. This claim having been defaulted on state procedural grounds, this claim is procedurally defaulted. *Coleman*, 501 U.S. at 729-30.

As to Thomas' claim that Detective Preuss lied to the grand jury, as previously stated, a federal claim is not "fairly presented" if a court must read beyond a petition, brief, or similar papers to find material that will alert it to the presence of a federal claim. *Baldwin*, 541 U.S. at 33. Merely presenting relevant facts does not adequately present an issue before a court. Indeed, "[w]here the parties did not mention an issue in their briefs and where the court did not mention it was considering that issue *sua sponte*, there is no evidence that the

---

[2]The Fifth Amendment Grand Jury Clause is not binding on the states. *Hurtado v. California*, 110 U.S. 516, 534-38, 4 S.Ct. 111 (1984); *Francis v. Henderson*, 425 U.S. 536, 546 n. 1, 96 S.Ct. 1708 n. 1 (1976). Because there is no federal controlling authority as to this issue, Thomas cannot receive habeas relief on this ground. 28 U.S.C. § 2254(d); *Alvarado v. Hill*, 252 F.3d 1066, 1068-69 (9th Cir. 2001). For example, the formal rules of evidence are not applied to federal grand juries, S. Beale, W. Bryson, J. Felman, M. Elston, Grand Jury Law and Practice § 4:21 (2d ed. 2008), so no federal controlling authority prohibits the presentation of other act evidence.

1 appellate court actually considered the issue, regardless of any duty to review for
2 fundamental error." *Moormann v. Schriro*, 426 F.3d 1044 (9th Cir. 2005).[3] Thomas has not
3 shown that he fairly presented this claim as a federal issue to the state courts. The Court
4 finds Thomas has failed to fairly present this issue to the state appellate court and, therefore,
5 this claim is not exhausted.

6 Thomas asserts that the Court of Appeals of Arizona failed in its duty to find
7 fundamental error. Thomas has made no showing that he presented this claim to any state
8 appellate court. Thomas also asserts that testimony of unrelated crimes was presented before
9 the grand jury and that the magistrate had been intentionally lied to. Thomas similarly has made
10 no showing that these issues were presented to any state appellate court. Thomas also asserts
11 that his sentence is in violation of *ex post facto* proscription. Again, Thomas has made no
12 showing that this claim was presented to the state courts. The Court finds these claims have not
13 been exhausted.

14 Thomas also asserts that he received ineffective assistance of counsel by failing to file
15 motions (contesting illegal arrest, raising a *Franks* claim, asserting a biased grand jury
16 presentation), failing to adequately investigate, failing to adequately assist Thomas as advisory
17 counsel and allowing the sentencing court to violate the separation of powers. In the post-
18 conviction proceedings, Thomas asserted that counsel was ineffective for failing to adequately
19 advise him at the suppression hearing, in failing to challenge testimony presented to the grand
20 jury, in failing to adequately investigate Ariz.R.Crim.P. 15 material, and in allowing a
21 substantive amendment to the indictment. To the extent that Thomas claims that counsel did

---

[3]Former A.R.S. § 13-4035 required Arizona appellate courts to independently review the record for fundamental error. Effective July 13, 1995, statutory fundamental error review was repealed and no longer required. *See State v. Smith*, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996). Because Thomas' appeal was decided after the repeal, his case was not subject to statutory fundamental error review. Moreover, although Arizona appellate courts engage in such a review when necessary to serve the ends of justice, fundamental error review is not required. *State v. Mann*, 188 Ariz. 220, 934 P.2d 784 (1997); *see also Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005) (mere assertion of fundamental error does not make the claim a federal constitutional claim).

1 not file motions relating to suppression issues, failed to adequately investigate, and grand jury
2 and indictment issues, the Court finds Thomas has exhausted the claims. Thomas has not shown,
3 however, that he exhausted the claim that counsel was ineffective by allowing the sentencing
4 court to violate separation of powers.

5       The Court must, therefore, determine whether Thomas' claims regarding the grand
6 jury proceeding, the Arizona Court of Appeals' failure to find fundamental error, intentional
7 lying to the magistrate, that his sentence is in violation of *ex port facto* proscription, and the
8 ineffective assistance of counsel claim that counsel allowed the sentencing court to violate
9 separation of powers may still be presented to the state courts.

10       In Arizona, irregularities in the grand jury proceedings must be presented before trial.
11 *State v. Just*, 138 Ariz. 534, 541-42, 675 P.2d 1353, 1360-61 (App. 1983). Indeed, even if
12 the issue is rejected on special action review, a defendant may not subsequently argue the
13 issue after conviction. *Id.* In other words, Thomas' claims of irregularities in the grand jury
14 proceedings are technically exhausted.

15       Thomas has made no attempt to show that his claims that the magistrate had been
16 intentionally lied to,[4] that the appellate court failed in its duty to find fundamental error, that
17 counsel was ineffective for allowing the sentencing court to violate separation of powers,[5]
18 and that his sentence was in violation of *ex post facto* proscription were presented to either

19

---

20 [4]Thomas' Petition for Post-Conviction Relief discusses a witness lying to a magistrate
21 in the context of permitting the witness to remain in the courtroom during the suppression
hearing as a violation of Ariz.R.Crim.P. 9.3 and Ariz.R.Evid. 615, but did not set forth any
22 federal claim as to this witness. In other words, Thomas did not fairly present this claim to
the state courts. *See Gatlin v. Madding*, 189 F.3d 882, 887-88 (9th Cir. 1999) (holding that
23 petitioner failed to "fairly present" federal claim to state courts where he failed to identify the
24 federal legal basis for his claim); *Moorman v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)
(new bases for ineffective assistance of counsel claims that were not raised in state
25 proceedings are not exhausted).

26 [5]Thomas' Petition for Post-Conviction Relief asserts that the sentencing court violated
27 the separations of power clause, but did not present this claim as an ineffective assistance of
counsel claim. In other words, Thomas did not fairly present this claim to the state courts. *See*
28 *Gatlin* and *Moorman*.

- 10 -

the trial court or the appellate court. If Thomas now attempted to return to the Arizona court system to exhaust these claim, he would be procedurally barred from raising these claims. *See e.g., Harris v. Reed*, 489 U.S. 255, 269-70, 109 S.Ct. 1038, 1046-47, 103 L.Ed.2d 308 (1989) (O'Connor, J. concurring) (noting that if a claim was not fairly presented in the state court, then the federal court must determine whether there are state remedies available). Thomas' claims would be procedurally defaulted as "waived at trial, on appeal, or in any previous collateral proceeding" pursuant to Rule 32.2(a)(3), Ariz.R.Crim.P. By not presenting these issues to the trial court or appellate court, Thomas waived these issues.

Moreover, under Arizona law, a petitioner who was convicted at trial must file a Notice of Post-Conviction Relief within 90 days of the entry of judgment and sentence or within 30 days of the order and mandate affirming the judgment and sentence on direct appeal, whichever is later. Ariz.R.Crim.P. 32.4(a). Thomas already completed a Rule 32 proceeding. If Thomas were to fairly present these issues in a subsequent Petition for Post-Conviction Relief, such presentation would be untimely. Moreover, these claims do not qualify for any of the timeliness exceptions:

> (d)  The person is being held in custody after the sentence imposed has expired;
> (e)  Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence . . . ;
> (f)  The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> (g)  There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> (h)  The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Rules 32.1 and 32.4(a), Ariz.R.Crim.P. Such a new petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266, 987 P.2d 226, 228 (App. 1999); *State v. Jones*, 182 Ariz. 432, 897 P.2d 734 (App. 1995); *Moreno v. Gonzales*, 192 Ariz. 131, 135, 962 P.2d 205, 209 (1998) (timeliness is a separate inquiry from preclusion). These claims, therefore,

1 are technically exhausted and, therefore, procedurally defaulted.[6] *Park v. California*, 202 F.3d 1146, 1150-51 (9th Cir. 2000) (federal habeas review is precluded where prisoner has not raised his claim in the state courts and the time for doing so has expired).

*Exhausted and Non-Procedurally Defaulted Claims*

Thomas' claims of Fourth Amendment violations, unlawfully enhanced sentence, and ineffective assistance of counsel have been exhausted and are not procedurally defaulted. The Court finds review of these claims to be appropriate.

*Fourth Amendment Claims*

A Fourth Amendment claim is not cognizable on habeas review if it has been fully and fairly litigated in the state courts. *Stone v. Powell*, 428 U.S. 465, 481-482, 96 S.Ct. 3037, 490L.Ed.2d 1067 (1976). Thomas' first two claims allege Fourth Amendment violations. Where a petitioner has been afforded a full suppression hearing and presented argument to an appellate court, the Ninth Circuit has held that a Fourth Amendment claim was fully and fairly litigated in state court. *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994). Thomas does not assert that he was not afforded a full suppression hearing and he does not assert that arguments were not presented to the appellate court. It is not that Thomas did not receive a full and fair opportunity to litigate his claim; rather, "[Thomas] made his argument and it was rejected." *Siripongs*, 35 F.3d at 1321. The Court finds that Thomas' first two

---

[6] Because these claims are procedurally defaulted pursuant to Rule 32.4(a), Ariz.R.Crim.P., this Court need not determine whether the claims are of "sufficient constitutional magnitude" to require a knowing, voluntary, and intelligent waiver such that the claim is precluded pursuant to *Cassett*. Moreover, the procedural timeliness bar of Rule 32.4(a), Ariz.R.Crim.P., is clear, consistently applied, and well established. *Powell v. Lambert*, 357 F.3d 871 (9th Cir. 2004); *see e.g., State v. Rosario*, 195 Ariz. 264, 987 P.2d 226 (App. 1999) (where petition did not raise claims pursuant to Rule 32.1(d) through (g), the petition could be summarily dismissed if untimely); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998) (timeliness provision of Rule 32.4(a) became effective September 20, 1992); *State v. Jones*, 182 Ariz. 432, 897 P.2d 734 (App. 1995) (Rule 32.4(a) was amended to "address potential abuse by defendants caused by the old rule's unlimited filing periods").

1  claims are not cognizable on habeas review.

*Sentencing Enhancement -- Alleged Unconstitutionality of the Statute*

Thomas also asserts that the trial court's enhancement of Thomas' sentence based on his prior murder conviction was unconstitutional because the statutes under which he was sentenced for the murder conviction were unconstitutional under *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The Court of Appeals of Arizona stated::

> Thomas finally argues that he was unconstitutionally sentenced under repealed statutes. We review this claim de novo. *State v. Derello*, 199 Ariz. 435, ¶ 8, 18 P.3d 1234, 1236 (App. 2001). His claim appears to be that because Arizona's procedure used toسentence defendants to death in 1970, the date of his conviction for first-degree murder, was unconstitutional pursuant to [*Furman*], his prior conviction cannot be used to enhance his sentence.[4] But *Furman* did not invalidate Thomas's conviction; only the sentence. Our supreme court upheld his conviction and reduced his sentence to life imprisonment. *See State v. Thomas*, 110 Ariz. 120, 135, 515 P.2d 865, 880 (1973). And the statutes under which he was convicted had not been repealed at the time of his crime and conviction. As such, we conclude the trial court did not err in using the conviction as an historical prior conviction as defined in A.R.S. § 13-605(V)(1)(a).
>
> [4]*Furman* did not directly address Arizona's sentencing scheme. However, the Arizona Legislature did respond by "enact[ing] a new capital sentencing scheme." *Arizona v. Ring*, 204 Ariz. 534, 65 P.3d 925, 925 (2003).

Petition, Court of Appeals' September 1, 2004 decision, p. 6. Given the reasons the Arizona courts stated for determining that Thomas' sentence enhancement was valid, this Court does not find that the state court's application of Arizona's sentencing scheme, in light of *Furman*, was objectively unreasonable. *See* 28 U.S.C. § 2254(d) (habeas relief not available with respect to a claim unless the state courts' adjudication of it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States").

Indeed, Arizona's sentencing enhancement statute is based on prior convictions, not prior sentences. A.R.S. § 13-604. The Arizona Supreme Court did not invalidate Thomas's conviction, but merely reduced his sentence. *Thomas*, 110 Ariz. at 135, 515 P.2d at 880. Moreover, Thomas has not shown that the statutes had been repealed *at the time of his crime and conviction* or that the repeal of any relevant statute is retroactive. In other words, the sentencing court appropriately enhanced Thomas' sentence. "Enhancement statutes, whether

1 in the nature of criminal history provisions such as those provided in the [federal] Sentencing
2 Guidelines, or recidivist statutes that are commonplace in state criminal laws, do not change
3 the penalty imposed for the earlier conviction." *Nichols v. United States*, 511 U.S. 738, 747,
4 114 S.Ct. 191, 128 L.Ed.2d 745 (1994). The United States Supreme Court "consistently has
5 sustained repeat-offender laws as penalizing only the last offense committed by the
6 defendant." *Id.*, *citations and internal quotations omitted*; *see also United States v. Kaluna*,
7 192 F.3d 1188, 1199 (9th Cir. 1999) (federal "Three Strikes Law" did not violate *Ex Post*
8 *Facto* Clause because it was "on the books" at the time the defendant committed the instant
9 offense). Thomas is not entitled to habeas relief on this claim.

*Ineffective Assistance of Counsel*

Thomas asserts that counsel was ineffective by not filing motions relating to suppression issues, failing to adequately investigate, and failing to file motions and/or oppose the State as to grand jury and indictment issues. The post-conviction court stated:

> Petitioner contends that his advisory trial counsel was ineffective. Petitioner asserts that (1) Advisory counsel should have filed pretrial motions on behalf of Petitioner, and should have argued or at least prepared Petitioner for oral arguments of the motions; (2) Trial counsel allowed the State to amend the original indictment; and (3) Trial counsel was ineffective, because Petitioner was ultimately convicted at trial.
>
> A colorable claim of ineffective assistance of counsel is established when petitioner demonstrates both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *State v. Ketchum*, 191 Ariz. 415, 416, 956 P.2d 1237, 1238 (App. 1997). Both prongs need not be addressed by the reviewing court if a petitioner fails to make the necessary showing on one. *Ketchum*, 191 Ariz. at 416, 956 P.2d at 1238.
>
> A. Deficient performance
>
> To establish deficient performance, a petitioner must show that counsel's representations "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2052. The United States Supreme Court has declined to articulate specific guidelines for appropriate representation and instead emphasizes that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*.
>
> 1) Advisory counsel was not ineffective for not filing or arguing pretrial motions.
>
> A defendant has no constitutionally protected right to challenge advice or services provided by advisory counsel after defendant waives his right to counsel. *State v. Russell*, 175 Ariz. 529, 534, 858 P.2d 674, 679 (App. Div. 1 1993). The court will not

- 14 -

| | |
|---|---|
| 1 | review the effectiveness of defendant's representation of himself. *Id.* |
| 2 3 | The trial court properly found that Petitioner knowingly, intelligently, and voluntarily waived his right to counsel. Petitioner's arguments that advisory counsel was ineffective fail. |
| 4 | 2) Trial counsel was not ineffective when the State amended the indictment. |
| 5 6 | The State has a duty to amend the indictment so that it accurately conforms to the evidence presented at trial. Trial counsel was not ineffective when the State amended the indictment. |
| 7 | 3) Counsel was not ineffective simply because Petitioner was convicted at trial. |
| 8 9 | Deference is given to counsel's tactical decisions as long as there is evidence that the attorney performed an adequate investigation in support of those judgments. *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. at 2527, 2535 (2003). |

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support he limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment.

*Strickland*, 466 U.S. at 690-91, 104 S.Ct. at 2066.

To assess counsel's investigation, it is necessary to conduct an objective review of the attorney's performance, measured for "reasonableness under prevailing professional norms," including consideration of the context as seen "from counsel's perspective at the time." *Wiggins*, 539 U.S. at 522, 123 S.Ct. at 2536, quoting *Strickland*, 466 U.S. at 688-89, 104 S.Ct. 2052.

Actions of defense counsel, which appear to be trial tactics, will not support an allegation of ineffective assistance of counsel. *State v. Espinoza-Gamez*, 139 Ariz. 415, 417, 678 P.2d 1379, 1381 (1984). Any issues of "trial strategy and tactics are committed to defense counsel's judgment, and claims of ineffective assistance cannot be predicated thereon." *State v. Beaty*, 158 Ariz. 232, 250, 762 P.2d 519, 537 (1988), quoting *State v. Vickers*, 129 Ariz. 506, 633 P.2d 315, 323 (1981). "The fact that defense counsel did not present witnesses does not establish ineffectiveness." *Beaty*, 158 Ariz. at 250, 762 P.2d at 537. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* at 249, 762 P.2d at 536. Courts presume that counsel's conduct is trial strategy. *State v. Fisher* 152 Ariz. 116, 118, 730 P.2d 825, 827 (1986). Disagreements in trial tactics will not support a claim of ineffectiveness assistance of counsel provided the conduct has some reasoned basis. *State v. Lee*, 152 Ariz. 210, 214, 689 P.2d 153, 157 (1984).

Petitioner does not show that trial counsel's representation fell below an objective standard of reasonableness. Trial counsel conducted effective examinations of the trial witnesses, including victim, Robin Caramella.

This court does not find counsel's performance to be deficient.

B. Prejudice

> Proof of prejudice requires a demonstration that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. This court finds that Petitioner was not subject to prejudice.

Supplemental Answer, Ex. G. pp. 3-5. The Court of Appeals stated:

> The remaining issue Thomas presented below was the allegation that his advisory counsel had been ineffective in advising him at the suppression hearing, in failing to challenge testimony presented to the grand jury, in "failing to investigated Ariz.R.Crim.P. 15 material to prepare for adversarial representation," and in allowing "substantive amendment" of the indictment to reduce the charged offense from armed robbery to robbery.
>
> The trial court analyzed Thomas's ineffective assistance claims in detail, applying the two-pronged test for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984). For reasons explained fully in the court's written minute entry, it found Thomas had not shown that counsel's performance had fallen below an objective professional standard of care in any of the alleged instances of ineffectiveness nor had Thomas demonstrated any prejudice to his defense as a consequence of counsel's acts or omissions. As a result, being satisfied neither element of the *Strickland* test, Thomas was not entitled to an evidentiary hearing nor to relief. Although we do not quote the trial court's ruling in its entirety, we approve it, and we find no abuse of the court's discretion in declining to hold an evidentiary hearing and instead dismissing the petition. *See* [*State v. Morgan*, 204 Ariz. 166, 173, 61 P.3d 460, 467 (App. 2002)].

Petitioner's Supplemental, Court of Appeals' January 31, 2007, decision, pp.3-4.

Given the reasons the Arizona courts stated for determining that Thomas did not receive ineffective assistance of counsel as to these claims, this Court does not find that the state courts' decision involved an unreasonable application of federal law. *See e.g., United States v. Trapnell*, 512 F.2d 10, 12 (9th Cir. 1975) ("A defendant representing himself cannot be heard to complain that his Sixth Amendment rights have been violated."); *see also* 28 U.S.C. § 2254(d) (habeas relief not available with respect to a claim unless the state courts' adjudication of it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States").

*Cause and Prejudice Analysis*

As for Thomas' procedurally defaulted claims, federal habeas review is barred unless Thomas demonstrates "cause for the default and prejudice attributable thereto, or

1 demonstrates that failure to consider the claims will result in a fundamental miscarriage of
2 justice." *Coleman*, 501 U.S. at 749-750 (citations omitted; internal quotation marks omitted);
3 *Correll v. Stewart*, 137 F.3d 1404, 1411 (9th Cir. 1998), *citing Keeney v. Tamayo-Reyes*, 504
4 U.S. 1, 11, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992) (generally, if a petitioner "has
5 failed to develop material facts in state court proceedings, he or she must demonstrate
6 adequate cause for his or her failure and actual prejudice resulting from that failure).  Cause
7 is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm
8 resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123
9 (9th Cir. 1991) (citation omitted); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639,
10 2645, 91 L.Ed.2d 397 (1986) (a showing of cause requires a petitioner to show that "some
11 objective factor external to the defense impeded counsel's efforts" to raise the claim in state
12 court).   Prejudice need not be addressed if a petitioner fails to show cause.  *Murray.*   To
13 bring himself within the narrow class of cases that implicate a fundamental miscarriage of
14 justice, a petitioner "must come forward with sufficient proof of his actual innocence[.]"
15 *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002), *citations omitted*.  "Actual
16 innocence can be shown when a petitioner 'presents evidence of innocence so strong that a
17 court cannot have confidence in the outcome of the trial unless the court is also satisfied that
18 the trial was free of nonharmless constitutional error.'"  *Sistrunk*, 292 F.3d at 673, *quoting*
19 *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

20 Thomas has failed to show (1) cause – any impediments preventing Thomas from
21 complying with Arizona's procedural rules, *Murray*, 477 U.S. at 488; (2)  prejudice – any
22 constitutional violation so basic as to infect Thomas' entire trial with error, *United States v.*
23 *Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), or (3) fundamental
24 miscarriage of justice that no reasonable juror could find him guilty, *Schlup*, 513 U.S. at 327.
25 Thomas' procedural default cannot be excused.

26
27 Accordingly, IT IS ORDERED:
28 1. The Motion to Order Compliance [Doc. # 38] is DENIED;

- 17 -

2. Thomas' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED;

3. This matter is DISMISSED with prejudice, and;

4. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 11th day of March, 2009.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge